J-A32024-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRIAN LEWIS DITTMAN | |
| Appellant | No. 196 WDA 2015 |

Appeal from the Judgment of Sentence January 8, 2015
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0001572-2012

BEFORE:  SHOGAN, J., OTT, J., and STABILE, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 24, 2016**

Brian Lewis Dittman appeals from the judgment of sentence imposed on January 8, 2015, in the Court of Common Pleas of Butler County.  On November 19, 2014, at the conclusion of a bench trial, the court convicted Dittman of driving under the influence ("DUI") (general impairment/incapable of safe driving) (second offense), DUI (highest rate of alcohol) (second offense), driving while operating privilege is suspended or revoked, disregarding traffic lane, and exceeding maximum speed limit.[1] The court sentenced Dittman to an aggregate term of six months of intermediate punishment.  On appeal, Dittman challenges the court's denial

---

[1]  75 Pa.C.S. §§ 3802(a)(1), 3802(c), 1543(b)(1.1)(i), 3309(1), and 3362(a)(1), respectively.

in admitting certain transcripts of expert testimony. After a thorough review of the submissions by the parties, the certified record, and relevant law, we affirm.

The facts underlying Dittman's arrest are gleaned from the probable cause affidavit attached to his criminal complaint. *See* Criminal Complaint, 9/4/2012, Affidavit of Probable Cause, at 1. On June 10, 2012, Pennsylvania State Trooper Mark Hoehn observed a silver Cadillac weaving within its lane. He then saw the vehicle cross slightly over the double yellow line and the white line. The trooper followed the car for approximately one mile and noticed Dittman was traveling at a steady speed of 68-70 miles per hour. Trooper Hoehn then initiated the traffic stop.

Trooper Hoehn and another trooper approached the vehicle. The trooper asked for Dittman's license, registration, and proof of insurance. Dittman admitted that he only had an identification card in his possession because his license had been suspended for a prior DUI. As Dittman spoke, Trooper Hoehn observed a strong odor of alcohol on Dittman's breath, his eyes were bloodshot and glassy, and his speech was slow and slurred. The trooper conducted field sobriety tests and placed Dittman under arrest for DUI.

Dittman was then transported to Butler police barracks for a breath test. Another trooper administered a breathalyzer test on Dittman, and the result showed he had a blood alcohol content ("BAC") of .194%.

Dittman was charged with several DUI violations. He filed a suppression motion, challenging the traffic stop. A hearing was held on January 15, 2013. However, at that time, he withdrew the motion and entered a guilty plea.

During this time, on December 31, 2012, the Dauphin County Court of Common Pleas rendered a decision in an unrelated matter by another judge, **Commonwealth v. Schildt**, Docket No. CP-22-CR-0002191-2010 (Judge Lawrence F. Clark, Jr.), *rev'd*, 87 A.3d 374 [196 MDA 2013] (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 86 A.3d 233 (Pa. 2014), which stated that "after hearing testimony from several extremely qualified expert witnesses offered by the [d]efendant," "the array of breath testing devices presently utilized by the Commonwealth … are not capable of providing a legally acceptable Blood Alcohol Content (BAC) reading … outside the limited linear dynamic range of 0.05 to 0.15%." Dittman's Omnibus Pretrial Motion, 4/23/2013, Exhibit A, Opinion at 1-2.

Based on the **Schildt** decision, Dittman filed a motion to withdraw his guilty plea on April 1, 2013. A hearing was held on April 23, 2013, and the trial court granted the motion on May 1, 2013. Dittman also filed a motion for a leave of court to file a suppression motion, challenging the reliability of the breath test result in his case. A hearing was held regarding the

suppression issue on December 17, 2013.[2] The court then denied the motion on July 23, 2014.

Dittman's case proceeded to a one-day non-jury trial on November 19, 2014. At that time, Dittman moved to admit the certified transcripts of the **Schildt** proceedings for the purpose of establishing a defense to the DUI charge based upon Pennsylvania Rules of Evidence 803 and 804. The court denied the motion and convicted Dittman of the above-provided charges. On January 8, 2015, the court sentenced Dittman to six months of intermediate punishment, with the first 105 days to be served on house arrest with electronic monitoring, for the DUI (highest rate of alcohol) offense, and a concurrent term of 90 days of electronic monitoring for the driving while operating privilege is suspended conviction.[3] This appeal followed.[4]

In his first argument, Dittman complains the court erred in "denying the admission of certified transcripts containing expert testimony developed" during the **Schildt** proceedings, thereby "denying [Dittman] an affirmative

---

[2] Dittman and his counsel did not appear at the hearing, later alleging they never received notice.

[3] The two DUIs merged for sentencing purposes and the court imposed no further penalty with respect to the remaining offenses.

[4] On February 2, 2015, the trial court ordered Dittman to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Dittman filed a concise statement on February 12, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on February 23, 2015.

defense that which otherwise would not be available to him[.]" Dittman's Brief at 11. Specifically, Dittman asserts the court erred in finding the transcripts were not admissible under Pennsylvania Rules of Evidence 803(6) and 804. With respect to Rule 803(6), the business record exception to the hearsay rule, Dittman states the **Schildt** transcripts fall under the rule's definition of "records of regularly conducted activity" based on the following: (1) the transcripts were made contemporaneously with the testimony of the expert witnesses in **Schildt**; (2) the producing and keeping transcripts of court proceedings is a regularly conducted activity of the official court reporter; (3) the making of a transcript of court proceedings is a regular practice of the official court reporter; (4) the transcripts were certified copies of the original transcribed by the official court reporter; and (5) the testimony was taken in open court and under oath. **Id.** at 12. Dittman contends **Schildt** and his case are related because both matters contain the exact same legal issue and the Commonwealth was a party in both proceedings, represented by the District Attorney's Office of their respective counties. **Id.** at 13. Moreover, he states that contrary to the court's finding, he did provide supporting testimony to prove the truth of the expert's assertions in **Schildt**, because the expert's testimony was taken in open court and under oath, and was subject to cross-examination. **Id.** at 14. With regard to Rule 804, Dittman argues the experts called in **Schildt** were "unavailable" to him in his case due to his lack of the financial

resources to hire the services of expert witnesses that could provide him a similar defense to the one raised in **Schildt**.  **Id.** at 16.

We begin with our well-settled standard of review:

> "Admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion."  **Commonwealth v. Drumheller**, 570 Pa. 117, 135, 808 A.2d 893, 904 (2002), *cert. denied*, 539 U.S. 919, 123 S. Ct. 2284, 156 L. Ed. 2d 137 (2003) (*quoting* **Commonwealth v. Stallworth**, 566 Pa. 349, 363, 781 A.2d 110, 117 (2001)); **Commonwealth v. Collins**, 70 A.3d 1245, 1251 (Pa. Super. 2013).  "An abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." **Commonwealth v. Harris**, 2005 PA Super 335, 884 A.2d 920, 924 (Pa. Super. 2005), *appeal denied*, 593 Pa. 726, 928 A.2d 1289 (2007).

**Commonwealth v. Tyson**, 119 A.3d 353, 357-358 (Pa. Super. 2015), appeal denied, _ A.3d __ [537 MAL 2015] (Pa. Dec. 1, 2015).

Pennsylvania Rule of Evidence 802 provides: "Hearsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute."  Pa.R.E. 802.  "'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Pa.R.E. 801(c).  The Pennsylvania Rules of Evidence provide that certain statements are not excluded under the hearsay rule, even when the declarant is not present.  Pertinent to this appeal, Rule 803(6), known as the "business record exception," provides:

(6) Records of a Regularly Conducted Activity.  A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if,

(A) the record was made at or near the time by--or from information transmitted by--someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) neither the source of information nor other circumstances indicate a lack of trustworthiness.

*Comment*:  Pa.R.E. 803(6) differs from F.R.E. 803(6).  One difference is that Pa.R.E. 803(6) defines the term "record."  In the Federal Rules this definition appears at F.R.E. 101(b).  Another difference is that Pa.R.E. 803(6) applies to records of an act, event or condition, but does not include opinions and diagnoses.  This is consistent with prior Pennsylvania case law. **See Williams v. McClain**, 513 Pa. 300, 520 A.2d 1374 (1987); **Commonwealth v. DiGiacomo**, 463 Pa. 449, 345 A.2d 605 (1975).  A third difference is that Pa.R.E. 803(6) allows the court to exclude business records that would otherwise qualify for exception to the hearsay rule if neither the "source of information nor other circumstances indicate lack of trustworthiness."  The Federal Rule allows the court to do so only if neither "the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness."

If offered against a defendant in a criminal case, an entry in a record may be excluded if its admission would violate the defendant's constitutional right to confront the witnesses against him or her.  **See Melendez-Diaz v. Massachusetts**, 557 U.S. 305 (2009).

Pa.R.E. 803(6).

Moreover, Rule 804 contains numerous exceptions to hearsay when the declarant is unavailable as a witness. The relevant part of the Rule provides:

Rule 804. Exceptions to the Rule Against Hearsay--When the Declarant is Unavailable as a Witness

(a) Criteria for Being Unavailable. A declarant is considered to be unavailable as a witness if the declarant:

(1) is exempted from testifying about the subject matter of the declarant's statement because the court rules that a privilege applies;

(2) refuses to testify about the subject matter despite a court order to do so;

(3) testifies to not remembering the subject matter;

(4) cannot be present or testify at the trial or hearing because of death or a then-existing infirmity, physical illness, or mental illness; or

(5) is absent from the trial or hearing and the statement's proponent has not been able, by process or other reasonable means, to procure:

(A) the declarant's attendance, in the case of a hearsay exception under Rule 804(b)(1) or (6); or

(B) the declarant's attendance or testimony, in the case of a hearsay exception under Rule 804(b)(2), (3), or (4).

But this subdivision (a) does not apply if the statement's proponent procured or wrongfully caused the declarant's unavailability as a witness in order to prevent the declarant from attending or testifying.

Pa.R.E. 804.

Here, the trial court found the following:

As for Pa.R.E. 803, expert testimony given in a pre-trial hearing in an unrelated criminal case, which is proposed to be admitted by [Dittman] without supporting testimony of any sort to prove the truth of the experts' assertions, is not the sort of evidence contemplated to be admitted under the exception for records of a regularly conducted activity, or any other exception contained in the rule. With respect to Pa.R.E. 804, the Court did not believe that the experts were unavailable under the criteria set forth in Rule 804(a).

…

There was no evidence presented to demonstrate that the experts were absent from trial following reasonable efforts of [Dittman] to secure their presence by process or other reasonable means. [Dittman] argued that securing the testimony of the experts was prohibitively expensive. In *Consol. Rail Corp. v. Delaware River Port Auth.*[,] 880 A.2d 628 (Pa. Super. Ct. 2005)[, *appeal denied*, 898 A.2d 1071 (Pa. 2006)], the Superior Court of Pennsylvania noted that under Rule 804, "a declarant will not be deemed to be unavailable upon mere assertion of such by the proponent; rather, the proponent must exhibit the efforts taken to procure the declarant's attendance." 880 A.2d at 630. The Court does not believe a mere assertion by the proponent of hearsay evidence that the declarant is unavailable because securing his or her attendance is prohibitively expensive, without more, satisfies the burden of demonstrating that the declarants were absent from the trial following reasonable effort to secure their presence.

Trial Court Opinion, 4/23/2015, at unnumbered 2-3. We agree with the trial court's rationale.

With respect to Dittman's Rule 803(6) argument, we emphasize the court's opinion that these transcripts of expert testimony from the ***Schildt*** case were not the sort of evidence contemplated to be admitted under the

exception for records of a regularly conducted activity.[5] As such, we find his contention fails for several reasons. First, as the Commonwealth points out,[6] the Comment to Rule 803(6) states: "Pa.R.E. 803(6) applies to records of an act, event or condition, but does not include **opinions** and diagnoses." Accordingly, the experts' opinions in the **Schildt** transcripts, which is the substantive testimony that Dittman is attempting to introduce as admissible evidence, are not included under the Rule.

Second, as this Court previously stated:

> Although this court has found on occasion that hospital records are admissible to show hospitalization, treatment and symptoms, **Commonwealth v. Seville**, 266 Pa.Superior Ct. 587, 405 A.2d 1262 (1979); **Commonwealth v. Campbell**, 244 Pa.Superior Ct. 505, 368 A.2d 1299 (1976) (finding of spermatozoa in prosecutrix vagina must be treated as fact and not as medical conclusion), **it has more consistently held that opinions, diagnoses and conclusions are not admissible under the Act**. **Commonwealth v. DiGiacomo**, 463 Pa. 449, 345 A.2d 605 (1975); **Commonwealth v. McCloud**, 457 Pa. 310, 322 A.2d 653 (1974). **This evidence is excluded because it is expert testimony and is not admissible unless the doctor who prepared the report is available for in-court cross-examination regarding the accuracy, reliability and veracity of his opinion**. **Commonwealth v. McNaughton**, 252 Pa.Superior Ct. 302, 381 A.2d 929 (1977). Cross-examination makes possible the exposure of errors and omissions in the preparation of the report and the accuracy of the opinions based thereon. The only possible means of

---

[5] For example, while these transcripts were produced contemporaneously with the trial proceedings, one cannot state the actual expert reports and opinions were made contemporaneously with the underlying DUI event. **See** Pa.R.E. 803(6)(a).

[6] Commonwealth's Brief at 4.

assuring this is to permit in-court cross-examination of the party who prepared the report. ***Commonwealth v. Seville***, ***supra***.

***Commonwealth v. Hemingway***, 534 A.2d 1104, 1108 (Pa. Super. 1987) (emphasis added). As such, contrary to Dittman's argument, the Commonwealth did not have an opportunity to cross-examine these experts about their respective testimony. While the Commonwealth may be titled the same party in both matters, these cases came from different counties (Butler County in this case and Dauphin County in ***Schildt***) and therefore, different District Attorney's Offices prosecuted the criminal actions.[7] Accordingly, the Butler County prosecutor was not afforded the chance to cross-examine these experts regarding the accuracy, reliability and veracity of their opinions. ***See Hemingway***, ***supra***.

Lastly, other than bald assertions, Dittman has not demonstrated that the ***Schildt*** opinion testimony is relevant or applicable to the test results in his case. Dittman does not reference any of the expert testimony or explain how these experts came to their conclusions. Further, there is a lack

---

[7] ***See*** 16 P.S. § 1402 ("The district attorney shall sign all bills of indictment and conduct in court all criminal and other prosecutions, in the name of the Commonwealth, or, when the Commonwealth is a party, which arise in the county for which he is elected[.]").

- 11 -

evidential proof regarding the trustworthiness of these reports. **See** Pa.R.E. 803(6). Therefore, Dittman's Rule 803(6) argument is unavailing.[8]

With respect to Dittman's Rule 804 claim, we note that "[i]n determining the unavailability of a witness, the appropriate question is whether the prosecution [or the defendant] has made a good faith effort to produce the live testimony of the witness and, through no fault of its own, is prevented from doing so." **Commonwealth v. Nelson**, 652 A.2d 396, 398 (Pa. Super. 1995). Dittman's argument that the expert was unavailable because of his lack of financial ability to pay for an expert does not overcome that burden. **See Consol. Rail Corp. v. Delaware River Port Auth.**, 880 A.2d at 630.[9] Moreover, as discussed above, the Commonwealth was never given the opportunity to cross-examine the experts at a prior

---

[8] We also note that a panel of this Court reversed the **Schildt** decision, concluding the trial court abused its discretion when it granted *de facto habeas corpus* relief, as the Commonwealth met its burden of establishing, at least *prima facie*, that Appellee committed the act proscribed under 75 Pa.C.S. § 3802(c). **See Commonwealth v. Schildt**, 87 A.3d 374 [196 MDA 2013] (Pa. Super. 2013) (unpublished memorandum at 7), *appeal denied*, 86 A.3d 233 (Pa. 2014).

[9] **Compare Commonwealth v. Douglas**, 737 A.2d 1188 (Pa. 1999), *cert. denied*, 530 U.S. 1216 (2000) (good faith effort of unavailability shown where efforts included search of witness's apartment, his mother's apartment, his girlfriend's residence, the bars he frequented as well as contacting neighbors and friends) **with Consol. Rail Corp. v. Delaware River Port Auth.**, *supra*, (good faith effort of unavailability not shown where no efforts were made to contact a declarant even where he was in a witness protection program).

proceeding. *See* Pa.R.E. 804(b)(1). Lastly, as the Commonwealth indicated,[10] Dittman did not request an evidentiary hearing to address the issue of his financial hardship or present the court with the cost of these experts through documentation. Accordingly, Dittman's Rule 804 argument fails.

In Dittman's second argument, he complains his due process rights were violated because the court refused to admit the transcripts of expert testimony, which resulted in the denial of his right to raise an affirmative defense to the charges filed against him. Dittman's Brief at 21-23. He states this expert testimony was "the one and only way to establish a defense to the charges," and that without such testimony, he "had no means whatsoever of establishing the inaccuracy of the breath testing devices then in use in the Commonwealth." *Id.* at 23. Dittman request this Court remand the case back to the trial court to make a finding of fact regarding the unavailability of the *Schildt* expert witnesses and provide him with a full and fair opportunity to establish a defense. *Id.*

> Our Supreme Court has explained our standard of review for procedural due process claims as follows.
>
> A due process inquiry, in its most general form, entails an assessment as to whether the challenged proceeding or conduct offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental and that define[s] the

---

[10] *See* Commonwealth's Brief at 7.

community's sense of fair play and decency. While not capable of an exact definition, basic elements of procedural due process are adequate notice, the opportunity to be heard, and the chance to defend oneself before a fair and impartial tribunal having jurisdiction over the case.

*Commonwealth v. Wright*, 599 Pa. 270, 961 A.2d 119, 132 (Pa. 2008) (brackets in original; internal citations and quotation marks omitted).

*Commonwealth v. Batts*, 125 A.3d 33, 44 (Pa. Super. 2015).

We conclude that Dittman's argument lacks merit.[11] Because Dittman's contention is based on his earlier issues regarding Rules 803(6) and 804, and we determined the trial court did not abuse its discretion by refusing to admit the *Schildt* transcripts, we cannot discern that his due process rights were violated and the court did not deny him the opportunity to present his defense. Indeed, Dittman still could have presented this defense if he had properly procured the *Schildt* expert witnesses. Accordingly, we affirm Dittman's judgment of sentence.

Judgment of sentence affirmed.

---

[11] We note the trial court did not address this issue in its Rule 1925(a) opinion. Nevertheless, we "may affirm the lower court on any basis, even one not considered or presented in the court below." *Commonwealth v. Burns*, 988 A.2d 684, 690 n. 6 (Pa. Super. 2009), *appeal denied*, 8 A.3d 341 (Pa. 2010). *See also Commonwealth v. Williams*, 73 A.3d 609, 617 (Pa. Super. 2013), *appeal denied*, 87 A.3d 320 (Pa. 2014).

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/24/2016