**Rule 802. The Rule Against Hearsay**

Hearsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute.

**Comment**

Pa.R.E. 802 differs from F.R.E. 802 in that it refers to other rules prescribed by the Pennsylvania Supreme Court, and to statutes in general, rather than federal statutes.

Often, hearsay will be admissible under an exception provided by these rules. The organization of the Pennsylvania Rules of Evidence generally follows the organization of the Federal Rules of Evidence, but the Pennsylvania Rules' organization of the exceptions to the hearsay rule is somewhat different than the federal organization. There are three rules which contain the exceptions: Pa.R.E. 803 Exceptions to the Rule Against Hearsay – Regardless of Whether the Declarant is Available as a Witness, Pa.R.E. 803.1 Exceptions to the Rule Against Hearsay – Testimony of Declarant Necessary, and Pa.R.E. 804 Exceptions to the Rule Against Hearsay - When the Declarant is Unavailable as a Witness.

On occasion, hearsay may be admitted pursuant to another rule promulgated by the Pennsylvania Supreme Court. For example, in civil cases, all or part of a deposition may be admitted pursuant to Pa.R.C.P. No. 4020, or a video deposition of an expert witness may be admitted pursuant to Pa.R.C.P. No. 4017.1(g). In preliminary hearings in criminal cases, the court may consider hearsay evidence pursuant to Pa.R.Crim.P. 542(E) and 1003(E). In criminal trials, Pa.R.Crim.P. 574 provides a procedure for the admission of forensic laboratory reports supported by a certification.

Also, hearsay may be admitted pursuant to a state statute. Examples include:

1. A public record may be admitted pursuant to 42 Pa.C.S. § 6104. *See* Comment to Pa.R.E. 803(8) **[(Not Adopted)]**.


\*        \*        \*

Note: Adopted May 8, 1998, effective October 1, 1998; Comment revised March 23, 1999, effective immediately; Comment revised March 10, 2000, effective immediately; Comment revised March 29, 2001, effective April 1, 2001; rescinded and replaced January 17, 2013, effective March 18, 2013; **Comment revised February 19, 2014, effective April 1, 2014; Comment revised November 9, 2016, effective January 1, 2017**.

Committee Explanatory Reports:

Final Report explaining the March 23, 1999 technical revisions to the Comment published with the Court's Order at 29 Pa.B. 1714 (April 3, 1999).

Final Report explaining the March 10, 2000 changes updating the seventh paragraph of the Comment published with the Court's Order at 30 Pa.B. 1641 (March 25, 2000).

Final Report explaining the March 29, 2001 revision of the Comment published with the Court's Order at 31 Pa.B. 1995 (April 14, 2001).

Final Report explaining the January 17, 2013 rescission and replacement published with the Court's Order at **43** Pa.B. **620** (**February 2**, 2013).

Final Report explaining the February 19, 2014 revision of the Comment published with the Court's Order at 44 Pa.B. 1309 (March 8, 2014).

**Final Report explaining the November 9, 2016 revision of the Comment published with the Court's Order at      Pa.B.      (          , 2016).**

**Rule 803(6). Records of a Regularly Conducted Activity**

**(6)** **Records of a Regularly Conducted Activity.** A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if**:[,]**

(A) the record was made at or near the time by — or from information transmitted by—someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) **[neither]** <u>**the opponent does not show that**</u> the source of information **[n]**or other circumstances indicate a lack of trustworthiness.

**Comment**

Pa.R.E. 803(6) differs from F.R.E. 803(6). One difference is that Pa.R.E. 803(6) defines the term "record." In the Federal Rules this definition appears at F.R.E. 101(b). Another difference is that Pa.R.E. 803(6) applies to records of an act, event or condition, but does not include opinions and diagnoses. This is consistent with prior Pennsylvania case law. *See Williams v. McClain*, **[513 Pa. 300,]** 520 A.2d 1374 (<u>**Pa.**</u> 1987); *Commonwealth v. DiGiacomo*, **[463 Pa. 449,]** 345 A.2d 605 (<u>**Pa.**</u> 1975). A third difference is that Pa.R.E. 803(6) allows the court to exclude business records that would otherwise qualify for exception to the hearsay rule if **[neither]** the "source of information **[n]**or *other circumstances* indicate lack of trustworthiness." The Federal Rule allows the court to do so only if **[neither]** <u>**either**</u> "the source of information **[nor]** <u>**or**</u> the method or circumstances of preparation indicate a lack of trustworthiness."

If offered against a defendant in a criminal case, an entry in a record may be excluded if its admission would violate the defendant's constitutional right to confront the witnesses against him or her**[.], [S/s**ee *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009)<u>**; however, forensic laboratory reports may be admissible in lieu of testimony by the person who performed the analysis or examination that is the subject of the report, see Pa.R.Crim.P. 574**</u>.

**Rule 803(7). Absence of a Record of a Regularly Conducted Activity (Not Adopted)**

**Comment**

Pennsylvania has not adopted F.R.E. 803(7) which provides:

Evidence that a matter is not included in a record described in **[paragraph (6)] [F.R.E. 803(6)]** if:

(A) the evidence is admitted to prove that the matter did not occur or exist; **[and]**

(B) a record was regularly kept for a matter of that kind; and

(C) **[neither]** the **opponent does not show that the** possible source of the information **[n]**or other circumstances indicate a lack of trustworthiness.

Principles of logic and internal consistency have led Pennsylvania to reject this rule. The absence of an entry in a record is not hearsay, as defined in Pa.R.E. 801(c). Hence, it appears irrational to except it to the hearsay rule.

On analysis, absence of an entry in a business record is circumstantial evidence - it tends to prove something by implication, not assertion. Its admissibility is governed by principles of relevance, not hearsay. *See* Pa.R.E. 401, *et seq*.

Pennsylvania law is in accord with the object of F.R.E. 803(7), *i.e.*, to allow evidence of the absence of a record of an act, event, or condition to be introduced to prove the nonoccurrence or nonexistence thereof, if the matter was one which would ordinarily be recorded. *See Klein v. F.W. Woolworth Co.*, **[309 Pa. 320,]** 163 A. 532 (**Pa.** 1932) (absence of person's name in personnel records admissible to prove that he was not an employee). *See also Stack v. Wapner*, **[244 Pa. Super. 278,]** 368 A.2d 292 (**Pa. Super.** 1976).

**Rule 803(8). Public Records [(Not Adopted)]**

**(8) Public Records [(Not Adopted)]. A record of a public office if:**

**(A) the record describes the facts of the action taken or matter observed;**

**(B) the recording of this action or matter observed was an official public duty; and**

**(C) the opponent does not show that the source of the information or other circumstances indicate a lack of trustworthiness.**

**Comment**

[Pennsylvania has not adopted F.R.E. 803(8). An exception to the hearsay rule for public records is provided by 42 Pa.C.S. § 6104 which provides:

(a) General rule.- A copy of a record of governmental action or inaction authenticated as provided in section 6103 (relating to proof of official records) shall be admissible as evidence that the governmental action or inaction disclosed therein was in fact taken or omitted.

(b) Existence of facts.- A copy of a record authenticated as provided in section 6103 disclosing the existence or nonexistence of facts which have been recorded pursuant to official duty or would have been so recorded had the facts existed shall be admissible as evidence of the existence or nonexistence of such facts, unless the sources of information or other circumstances indicate lack of trustworthiness.

Subsection (b) of the statute is limited to "facts." It does not include opinions or diagnoses. This is consistent with Pa.R.E. 803(6), and Pennsylvania case law. *See* Comment to Pa.R.E. 803(6).]

**Pa.R.E. 803(8) differs from F.R.E. 803(8) insofar as it reflects the hearsay exception for public records provided in 42 Pa.C.S. § 6104. *See* Rules 901(b)(7), 902(1)-(4) and 42 Pa.C.S. §§ 5328, 6103, and 6106 for authentication of public records.**

**Rule 803(9). Public Records of Vital Statistics (Not Adopted)**

**(9)     Public Records of Vital Statistics (Not Adopted)**

**Comment**

Pennsylvania has not adopted F.R.E. 803(9). Records of vital statistics are also records of a regularly conducted activity and may be excepted to the hearsay rule by Pa.R.E. 803(6). Records of vital statistics are public records and they may be excepted to the hearsay rule by 42 Pa.C.S. § 6104 **[(text quoted in Comment to Pa.R.E. 803(8))]**.

*      *      *

**Rule 803(10). [Absence] <u>Non-Existence</u> of a Public Record [(Not Adopted)]**

(10) **[Absence] <u>Non-Existence</u> of a Public Record [(Not Adopted)]<u>. Testimony - or a certification - that a diligent search failed to disclose a public record if:</u>**

<u>**(A) the testimony or certification is admitted to prove that**</u>

<u>**(i) the record does not exist; or**</u>

<u>**(ii) a matter did not occur or exist, if a public office regularly kept a record for a matter of that kind.**</u>

<u>**(B) in a criminal case:**</u>

<u>**(i) the attorney for the Commonwealth who intends to offer a certification files and serves written notice of that intent upon the defendant's attorney or, if unrepresented, the defendant, at least 20 days before trial; and**</u>

<u>**(ii) defendant's attorney or, if unrepresented, the defendant, does not file and serve a written demand for testimony in lieu of the certification within 10 days of service of the notice.**</u>

**Comment**

[Pennsylvania has not adopted F.R.E. 803(10) for the same reasons that it did not adopt F.R.E. 803(7). *See* Comment to Pa.R.E. 803(7).

42 Pa.C.S. § 6104(b), provides for admissibility of evidence of the absence of an entry in a public record to prove the nonexistence of a fact:

(b) Existence of facts.- A copy of a record authenticated as provided in section 6103 disclosing the ... nonexistence of facts which ... would have been ... recorded had the facts existed shall be admissible as evidence of the ... nonexistence of such facts, unless the sources of information or other circumstances indicate lack of trustworthiness.

Pennsylvania also has a complementary statute, 42 Pa.C.S. § 5328, entitled "Proof of Official Records," which provides, in pertinent part:

(d) Lack of record.- A written statement that after diligent search no record or entry of a specified tenor is found to exist in the records

**designated by the statement, authenticated as provided in this section in the case of a domestic record, or complying with the requirements of this section for a summary in the case of a record in a foreign country, is admissible as evidence that the records contain no such record or entry.]**

**Pa.R.E. 803(10)(A) differs from F.R.E. 803(10)(A) insofar as it does not include "statements." This rule is consistent with Pennsylvania law. *See* 42 Pa.C.S. §§ 5328(d) and 6103(b). *See also* Pa.R.E. 902(13) (authentication of certificate).**

**Pa.R.E. 803(10)(B) differs from F.R.E. 803(10)(B) insofar as it is made consistent with aspects of Pa.R.Crim.P. 574. Like the federal rule, this rule is intended to provide a mechanism for a defendant to exercise the constitutional right to confront the witnesses against him or her. *See Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009). Nothing in this evidentiary rule is intended to supersede procedural requirements within the Pennsylvania Rules of Criminal Procedure, see, e.g., Pa.R.Crim.P. 576 (Filing and Service by Parties), or limit the ability of the court to extend the time periods contained herein.**

Note:  Adopted May 8, 1998, effective October 1, 1998; Comment revised March 23, 1999, effective immediately; Comment revised March 10, 2000, effective immediately; Comment revised May 16, 2001, effective July 1, 2001; amended November 2, 2001, effective January 1, 2002; rescinded and replaced January 17, 2013, effective March 18, 2013**; amended November 9, 2016, effective January 1, 2017**.

Committee Explanatory Reports:

Final Report explaining the March 23, 1999 technical revisions to the Comment for paragraph 25 published with the Court's Order at 29 Pa.B. 1714 (April 3, 1999).

Final Report explaining the March 10, 2000 revision of the Comment for paragraph 25 published with the Court's Order at 30 Pa.B. 1641 (March 25, 2000).

Final Report explaining the May 16, 2001 revision of the Comment for paragraph 18 published with the Court's Order at 31 Pa.B. 2789 (June 2, 2001).

Final Report explaining the November 2, 2001**[,]** amendments to paragraph 6 published with the Court's Order at 31 Pa.B. 6384 (November 24, 2001).

Final Report explaining the January 17, 2013 rescission and replacement published with the Court's Order at **43** Pa.B. **620** (**February 2**, 2013).

**Final Report explaining the November 9, 2016 amendments to paragraph 6, 8, 10, and revision of the Comment for paragraph 7 and 9 published with the Court's Order at      Pa.B.      (          , 2016).**

**Rule 902.  Evidence That is Self-Authenticating**

The following items of evidence are self-authenticating; they require no extrinsic evidence of authenticity in order to be admitted:

\*\*\*

**(13)  Certificate of Non-Existence of a Public Record – A certificate that a document was not recorded or filed in a public office as authorized by law if certified by the custodian or another person authorized to make the certificate.**

**Comment**

\*\*\*

**Pa.R.E. 902(13) has no counterpart in the Federal Rules.  This rule provides for the self-authentication of a certificate of the non-existence of a public record, as provided in Pa.R.E. 803(10)(A).**

Note:  Adopted May 8, 1998, effective October 1, 1998; amended November 2, 2001, effective January 1, 2002; amended February 23, 2004, effective May 1, 2004; rescinded and replaced January 17, 2013, effective March 18, 2013**; amended November 9, 2016, effective January 1, 2017**.

Committee Explanatory Reports:

Final Report explaining the November 2, 2001 amendments adding paragraphs (11) and (12) published with Court's Order at 31 Pa.B. 6384 (November 24, 2001).

Final Report explaining the February 23, 2004 amendment of paragraph (12) published with Court's Order at 34 Pa.B. 1429 (March 13, 2004).

Final Report explaining the January 17, 2013 rescission and replacement published with the Court's Order at **43** Pa.B. **620** (**February 2**, 2013).

**Final Report explaining the November 9, 2016 addition of paragraph (13) published with the Court's Order at      Pa.B.      (          , 2016).**