J-A14030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF:  E.M.A., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF:  E.F.A., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 573 EDA 2018 |

Appeal from the Decree January 17, 2018
In the Court of Common Pleas of Lehigh County Orphans' Court at No(s): A2017-0032

BEFORE:   GANTMAN, P.J., SHOGAN, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.:                                   **FILED AUGUST 09, 2018**

E.F.A. ("Mother") appeals from the decree filed on January 17, 2018, in the Court of Common Pleas of Lehigh County, which involuntarily terminated her parental rights to her daughter ("Child"), who was born in April of 2009. After careful review, we vacate and remand.

The record reveals that on July 3, 2017, the Lehigh County Office of Children and Youth Services ("CYS") filed a petition for the involuntary termination of Mother's parental rights to Child.  A hearing was held on November 2, 2017, and on January 17, 2018, the trial court filed a decree terminating Mother's parental rights.  On February 14, 2017, Mother filed a timely notice of appeal.  Both Mother and the trial court have complied with Pa.R.A.P. 1925.

_____

*   Retired Senior Judge assigned to the Superior Court.

On appeal, Mother presents the following issue for this Court's consideration:

A. Whether the trial court abused its discretion and committed an error of law by admitting and relying upon the findings of fact found in the dependency proceedings as competent evidence in the termination proceedings?

Mother's Brief at 5 (full capitalization omitted).

It is well settled that "[t]he complete and irrevocable termination of parental rights is one of the most serious and severe steps a court can take, carrying with it great emotional impact for the parent and the children." *In re Bowman*, 647 A.2d 217, 218-219 (Pa. Super. 1994) (citation omitted). We consider Mother's issue according to the following standard:

The standard of review in termination of parental rights cases requires appellate courts to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. A decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will. The trial court's decision, however, should not be reversed merely because the record would support a different result. We have previously emphasized our deference to trial courts that often have first-hand observations of the parties spanning multiple hearings.

*In re T.S.M.*, 71 A.3d 251, 267 (Pa. 2013) (citations and quotation marks omitted).

Termination of parental rights is governed by Section 2511 of the Adoption Act, and it requires a bifurcated analysis.

Initially, the focus is on the conduct of the parent. The party seeking termination must prove by clear and convincing evidence

- 2 -

that the parent's conduct satisfies the statutory grounds for termination delineated in Section 2511(a). Only if the court determines that the parent's conduct warrants termination of his or her parental rights does the court engage in the second part of the analysis pursuant to Section 2511(b): determination of the needs and welfare of the child under the standard of best interests of the child. One major aspect of the needs and welfare analysis concerns the nature and status of the emotional bond between parent and child, with close attention paid to the effect on the child of permanently severing any such bond.

*In re L.M.*, 923 A.2d 505, 511 (Pa. Super. 2007) (citations omitted). We need agree with the trial court only as to any one subsection of Section 2511(a) in order to affirm. *In re B.L.W.*, 843 A.2d 380, 384 (Pa. Super. 2004) (*en banc*).

In the instant case, however, Mother does not challenge the trial court's findings with respect to any subsection of 42 Pa.C.S. § 2511(a). Rather, Mother claims the trial court committed evidentiary errors. Mother's Brief at 11. Specifically, Mother alleges that the trial court erred in admitting and relying on documentary evidence from an earlier proceeding under the Juvenile Act. *Id.* These documents were designated P1 and P2 and were admitted at the termination hearing. N.T., 11/2/17, at 22 and 85, respectively. P1 is an adjudication order, and P2 is a collection of permanency review orders and findings. Mother asserts that these documents, which were created during the dependency proceedings under the Juvenile Act, should not have been relied upon as substantive evidence under the wholly different standards applicable to the instant termination proceedings conducted pursuant to the Adoption Act. Mother's Brief at 11.

- 3 -

[T]he decision of whether to admit or exclude evidence is within the sound discretion of the orphans' court. ***Commonwealth v. Johnson***, 160 A.3d 127, 143 n.14 (Pa. 2017), *cert. denied sub. nom*, ***Johnson v. Pennsylvania***, 138 S. Ct. 508 (2017). A reviewing court will not disturb these rulings absent an abuse of discretion. ***Id.*** Discretion is abused if, inter alia, the orphans' court overrides or misapplies the law. ***Commonwealth v. Batts***, 163 A.3d 410, 434 n.9 (Pa. 2017).

"Hearsay" is "a statement that (1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Pa.R.E. 801(c). Under the Pennsylvania Rules of Evidence, hearsay evidence is incompetent and inadmissible unless it meets an exception set forth in the Rules or one prescribed by this Court or statute. Pa.R.E. 802.

***In Re: A.J.R.-H. and I.G.R.-H.***, ___A.3d ___, ___, 2018 WL 3455417, at *7

(Pa. filed July 18, 2018).

In some instances, evidence from dependency proceedings may be relevant and admissible in termination proceedings. ***In re Child M.***, 681 A.2d 793 (Pa. Super. 1996). As our Supreme Court stated:

We observe that the Administrative Office of Pennsylvania Court's Office of Children and Families in the Courts recently published a comprehensive benchbook for use by the bench and bar addressing issues of dependency. Administrative Office of Pennsylvania Court's Office of Children and Families in the Courts, Pennsylvania Dependency Benchbook (2010) [("the Benchbook")]. The Benchbook recommends concurrent planning as a "best practice." ***Id.*** § 10.4 at 96. Additionally, the Benchbook urges courts and agencies to combine hearings for permanency plan goal change and termination of parental rights petitions because the evidence presented at both hearings overlaps substantially such that a single hearing is more efficient. ***Id.*** § 11.3 at 120. Moreover, a combined hearing provides for a single appeal, allowing for faster permanency for the child.

*In Re R.J.T.*, 9 A.3d 1179, 1190 n.14 (Pa. 2010). However, the Benchbook

also notes:

> **CAUTION—**If the permanency hearing for goal change and the termination of parental rights hearing are being heard at the same time, keep in mind that hearsay evidence that may be admissible in the permanency hearing may not be admissible in the termination hearing.

Benchbook, §11.6 at 123.

Recently, in *A.J.R.-H.*, our Supreme Court vacated an order terminating

parental rights based on evidentiary infirmities. In that case the Court

recognized:

> No witness stated that she was able to speak to the mode of each of the documents' preparation, testify that the documents were created at or near the time of the documented event or conversation, or made in the regular practice of the activity involved. In fact, several of the documents were ineligible for admission under the business records exception at all, as they contained statements of diagnosis and/or opinion, thus requiring the scrivener to testify.

*A.J.R.-H.*, ____A.3d at ____, 2018 WL 3455417, at *8 (citing *Williams v.

McClain*, 520 A.2d 1374, 1376-77 (Pa. 1987) (records containing opinion

evidence or statements of diagnoses are inadmissible under the business

records exception); Pa.R.E. 803(6), cmt.; and *In re Involuntary

Termination of Parental Rights (Jones)*, 297 A.2d 117, 121 (Pa. 1972)

(holding that the admission of a written statement prepared by a non-

testifying physician regarding parental incapacity at a termination hearing was

inadmissible hearsay and that the business records exception was

inapplicable)).

Mother argues that P1 and P2 contain medical diagnoses and conclusions reached by individuals who were not present at the termination proceedings. Mother's Brief at 19. Mother avers P1 and P2 were developed during dependency proceedings and subject to less restrictive evidentiary requirements. Mother's Brief at 21.

Pa.R.J.C.P. 1406 provides, *inter alia*, that in adjudications, each party shall have an opportunity to present evidence subject to the rules of evidence. Pa.R.J.C.P. 1406(C), cmt. Allegations in an adjudication must be proven by clear and convincing evidence. Pa.R.J.C.P. 1408(1). Similarly, 23 Pa.C.S. § 2511 requires clear and convincing evidence. ***In re L.M.***, 923 A.2d at 511. However, permanency review hearings have relaxed evidentiary standards and may be decided based on "Any evidence helpful in determining the appropriate course of action, including evidence that was not admissible at the adjudicatory hearing, shall be presented to the court." Pa.R.J.C.P. 1608(C)(1).

CYS acknowledges the differences in the aforementioned evidentiary standards. CYS's Brief at 18. CYS, however, argues that the evidentiary standards in adjudications are tantamount to those in termination cases, and the burden of proof is clear and convincing evidence without the relaxed standard present in permanency review hearings. *Id.* Thus, CYS maintains that P1, which is a juvenile court order of adjudication, satisfies the evidentiary standards required in orphans' court termination-of-parental-rights cases.

CYS's Brief at 18. We agree that adjudications have the equivalent evidentiary standards as termination proceedings. Pa.R.E. 101. However, although it may not have been an abuse of discretion for the trial court to rely on P1, as it is an adjudication and subject to the rules of evidence, P1 cannot satisfy, by itself, any subsection of 2511(a). P1 was created six months prior to the termination hearing and has no information regarding Mother's efforts to remedy the conditions that led to Child's adjudication of dependency.

Regarding P2, we note that it contains orders and findings from permanency review hearings that have relaxed rules of evidence. Pa.R.J.C.P. 1608. Thus, we conclude that due to the relaxed evidentiary rules, the absence of the exhibits admitted at the permanency review hearing and the inability of Mother to cross-examine the witnesses who contributed to the juvenile court's permanency review order, P2 was not competent evidence.

Exhibits P1 and P2 constituted most, if not all of CYS's evidence.[1] CYS's sole witness, Jennifer Sell, a case worker for CYS, became involved with this matter in May of 2016. N.T., 11/2/17, at 64. The majority of Ms. Sell's testimony came not from personal observation, but directly from P1 and P2 over Mother's repeated objections. *Id.* at 8, 14, 20, 35, 37. While P1 and P2

---

[1] We note CYS's characterization of the trial court's citations to P1 and P2 as cumulative. CYS's Brief at 13. However, we are constrained to disagree with this conclusion. A review of the notes of testimony reveals that CYS's sole witness utilized P1 and P2 as the source material for nearly all of her responses at the termination hearing.

may have contained some admissible evidence from the dependency proceedings, Ms. Sell relied on P1 and P2 to answer questions concerning medical diagnoses, conclusions of witnesses from prior proceedings at which she was not in attendance, and conclusions made by service providers. *Id.* at 19, 33-35, 37, 69-70, 77-78.

It is this Court's determination that although P1 contained evidence upon which Ms. Sell and the orphans' court could rely, P2 was replete with hearsay and contained none of the exhibits upon which the juvenile court based its decision. Although some of the evidence from P2 may have satisfied an exception to hearsay, there was no testimony as to those exceptions. Ms. Sell and the trial court relied on P1 and P2 almost exclusively, and P1 and P2 constituted the basis upon which Mother's parental rights were terminated.

We conclude that the trial court abused its discretion in allowing Ms. Sell to testify as to the contents of P2 and in admitting P2 into evidence *in toto*. CYS had the opportunity to call witnesses with first-hand knowledge of Mother's progress, or lack thereof, in reuniting with Child. However, CYS relied only on the testimony of one witness who then relied on documents and conclusions reached by individuals who were not in court. Mother was denied an opportunity to cross-examine the individuals who testified at the dependency hearings and contributed to the creation of those documents and the dependency court's findings. Additionally, as stated earlier, P1 by itself was insufficient evidence to satisfy any prong of Section 2511(a).

As noted, the termination of parental rights is a severe sanction. *In re Bowman*, 647 A.2d at 218-219. Due to the reliance on hearsay, we conclude the trial court abused its discretion, and the evidence presented was not competent to support the orphans' court's decision to terminate Mother's parental rights to Child. *A.J.R.-H.*, \_\_\_A.3d at \_\_\_, 2018 WL 3455417, at *17.

For the reasons set forth above, we vacate the decree terminating Mother's parental rights and remand the case to the orphans' court for a new hearing and decision on the petition to terminate Mother's parental rights, to occur within forty-five days of this decision. *A.J.R.-H.*, \_\_\_A.3d at \_\_\_, 2018 WL 3455417, at *17. Pursuant to *A.J.R.-H.*, under the circumstances of the case and the expedited time frame for the new hearing and decision, CYS need not undertake reunification efforts in this interim. On remand, the appointment of counsel to represent Child's legal interests is controlled by *In re L.B.M.*, 161 A.3d 172 (Pa. 2017).

Decree terminating Mother's parental rights vacated. Case remanded with instructions. Jurisdiction relinquished.

Judge Platt joins this memorandum.

President Judge Gantman concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/18